IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | | § | |
| | | § | |
| v. | | § | |
| | | § | 2:15-CR-87 |
| JONATHAN KHALID PETRAS | (01) | § | |
| WISAM IMAD SHAKER | (02) | § | |
| ESSA SOLAQA | (03) | § | |
| KHALID YOHANA | (04) | § | |

# REPORT AND RECOMMENDATION
# TO DENY ALL DEFENDANTS' MOTIONS TO DISMISS INDICTMENT

Defendant JONATHAN KHALID PETRAS has filed a motion to dismiss the indictment in the above entitled and numbered cause. PETRAS's motion was filed on October 21, 2015 and on October 23, 2015, defendants WISAM IMAD SHAKER, ESSA SOLAQA and KHALID YOHANA also filed motions to dismiss the indictment. The government filed a joint response on October 30, 2015.

Oral argument was heard on January 27, 2016. Mr. Joshua Frausto, Assistant U.S. Attorney appeared for the government, Ms. Bonita Gunden and Mr. J. Matthew Wright appeared for defendant JONATHAN KHALID PETRAS, Mr. Thomas Farris and Ms. Blair Oscarsson appeared for defendant WISAM IMAD SHAKER, Mr. Thomas Dixon appeared for defendant ESSA SOLAQA and Mr. John Ben Blanchard and Mr. Joshua Skora appeared for defendant KHALID YOHANA.

Defendants appear to present the following arguments in support of the motions to

dismiss:

1. The indictment fails to state an offense under Title 49 U.S.C. § 46504;

2. The offense alleged is unconstitutionally vague and overbroad; and

3. The indictment violates the First Amendment.

While this Report and Recommendation focuses on defendant PETRAS's motion to dismiss it is issued and applies to all of the motions to dismiss filed by each of the four defendants. All four motions essentially raise the same claims and arguments.[1]

## MERITS

The three grounds set out above were listed in the motion to dismiss. Although not listed as a ground at page one of the motion, defendants argue in the body of their motions that the statute is unconstitutional on its face.

The Court will then, first consider whether the statute, <u>on its face</u>, is unconstitutionally overbroad and/or void for vagueness. If the statute is not vague or overly broad on its face, and therefore passes constitutional muster, then the Court will consider, as presented by the motions to dismiss, the application of the statute and (1) whether the indictment charges a federal criminal offense, (2) whether the defendants' actions constitute a violation of the indictment and/or statute and (3) whether the defendants are being prosecuted for statements which were "protected speech" under the First Amendment.

---

[1] At oral argument, counsel for defendant YOHANA advised that his motion contained one additional ground as to him.

## THE STATUTE ITSELF

Title 49 U.S.C. § 46504, provides in pertinent part,

An individual on an aircraft in the special aircraft jurisdiction of the United States who, by assaulting or intimidating a flight crew member or flight attendant of the aircraft, interferes with the performance of the duties of the member or attendant or lessens the ability of the member or attendant to perform those duties, or attempts or conspires to do such an act, shall be...*guilty of an offense*.

The elements of an offense under 49 U.S.C. § 46504 are:

1. An individual;

2. on an aircraft;

3. within the special aircraft jurisdiction of the United States;

4. who, by assaulting or intimidating;

5. A flight crew member or flight attendant of the aircraft;

6. interferes with the performance of the duties of the member or attendant, or lessens the ability of the member or attendant to perform those duties;

7. or attempts or conspires to do such an act shall be fined or imprisoned or both.

Upon review of the elements and of the statutory language, the undersigned finds the statute simply does not criminalize lawful conduct. Specifically, the statute does not criminalize mere rude or obnoxious behavior and/or speech. The statute only prohibits intimidating behavior and/or speech, and only prohibits intimidating behavior when it interferes with a flight crew member or flight attendant's performance of their duties.

Defendants have not shown how the statute, "on its face," prohibits lawful conduct. The examples proffered at oral argument, that the statute could be read to criminalize minor conduct such as refusing to put up a tray table, does not establish either unconstitutional overbreadth or

vagueness. In an instance such as that, defendants have failed to show how such act would be intimidating. If it is not intimidating, then it is not proscribed by the statute. It appears that defendants' argument in reality is more in the nature of an argument that an individual might be charged with and/or prosecuted for a minor act that was not criminal conduct. But, even if that speculative scenario played out, defendants have not shown how a prosecution for acts which do not rise to the level of criminal conduct prohibited by the statute would render the statute itself unconstitutional. Stated differently, an indictment which fails to state an offense or the government's failure, at trial, to prove beyond a reasonable doubt the elements of the offense, does not invalidate a properly enacted statute. If defendants are arguing the statute is unconstitutional "on its face" because they do not know when their conduct might be classified as intimidating, they are not in a significantly less advantageous position than many criminal defendants. All persons are guided by a word's common meaning and how it has been defined in past cases. As argued by the government,

> "the meaning of the words used to describe the conduct can be ascertained fairly by reference to judicial decisions, common law, dictionaries, and the words themselves because they possess a common and generally accepted meaning." *United States v. Eckhardt*, 466 F.3d 938, 943-944 (11th Cir. 2006) (holding that 47 U.S.C. ' 223(a)(1)(C)(2000), which prohibits anonymously making annoying, abusive, harassing, or threatening telephone calls, provides adequate notice of unlawful conduct);

(Government's Response at 4). *United States v. Hicks*, 980 F.2d 963 (5th Cir. 1992) is also instructive. In *Hicks*, the Court held that "only intimidating acts or words that actually interfere with a crew member's duties are penalized." *Hicks* at 972. Since the statute only prohibits unlawful conduct and does not criminalize lawful conduct, defendants' claim that it is unconstitutional "on its face" should be DENIED.

But, even if this Court were of the opinion the statute was constitutionally infirm, the Fifth Circuit precedent of *Hicks* is binding. In *Hicks*, the predecessor statute to 49 U.S.C. § 46504 was held not to be unconstitutionally overbroad or vague. Defendants' argument that *Hicks* has been effectively overruled by more recent Supreme Court cases certainly might be a proper argument to make at the Fifth Circuit, but not at the District Court level. The cases cited, *Johnson v. United States*, — U.S. —, 135 S.Ct. 2551, 192 L.Ed. 2d 569 (2015), *Reed v. Town of Gilbert*, — U.S. —, 135 S.Ct. 2218, 192 L.Ed. 2d 236 (2015) did not deal with 49 U.S.C. § 46504, nor did they deal with the question of what constitutes intimidation.

*Johnson* involved the Armed Career Criminal Act's residual clause and was fact specific. In *Johnson*, the Supreme Court gave much consideration to the fact that the "residual clause" necessarily involved what was described as "judge imagined abstraction." The Court held that it was one thing to apply an imprecise term such as "substantial risk" to real world facts and quite another to apply it to a judge imagined abstraction. This case, unlike *Johnson*, will be based upon real world facts and not, as was present in *Johnson*, a judicially imagined ordinary case.

In *Reed*, a town's Sign Code imposed content-based restrictions on speech. The Supreme Court held the town had failed to prove the restriction furthered a compelling governmental interest and that it was narrowly tailored to achieve that interest. Without such a showing, the statute was found unconstitutional. In this case, the statute does not impose any content-based restriction on speech. It only restricts speech if that speech is intimidating. Further, even if it is assumed, for purposes of argument, that the statute did restrict some speech, *Hicks* teaches that a compelling governmental interest is present and that the statute would be held constitutional even under the more stringent analysis. *Hicks* at 971.

Consequently, while *Johnson* and *Reed* may raise interesting issues, they are not a basis upon which this Court could hold *Hicks* to have been overruled. It is a firm rule of the Fifth Circuit that, "in the absence of an intervening contrary or superseding decision by this court sitting en banc or by the United States Supreme Court, a panel cannot overrule a prior panel's decision." *Fleming Companies, Inc. v. U.S. Dep't of Agric.*, 322 F. Supp. 2d 744, 754 (E.D. Tex. 2004) aff'd sub nom. *Fleming Companies, Inc. v. Dep't of Agric.*, 164 F. App'x 528 (5th Cir. 2006) *citing Burge v. Parish of St. Tammany,* 187 F.3d 452, 466 (5th Cir.1999). If one panel of the Fifth Circuit cannot overrule another panel, then the District Court would certainly be bound by prior Fifth Circuit case law.

## AS APPLIED

Defendants remaining challenges can be classified as challenges to the statute "as applied." The majority of defendants' arguments here depend upon what the facts of the case will be. Before a determination of whether one or more of the defendants' conduct crossed the line into statutorily prohibited criminal conduct could be made, the Court would have to know what that conduct had been. Since this is a recommendation rather than a final ruling, and since the undersigned will not be the trial judge, the Court will address the defendants' arguments to some degree and attempt not to venture too far into hypotheticals and/or academic exercise.

The defendants first argue the indictment is invalid or fails to state an offense because it does not allege a prohibited act. It is unclear whether defendants contend an indictment is required to set out the specific details, acts and/or verbal threats that are alleged to have constituted intimidation or whether they are arguing the government's allegations and/or evidence fall short of the conduct defendants contend is necessary for the intimidation

contemplated by the statute to be found. If defendants are arguing the former, their argument is barred for the reasons set out above and by *Hicks* and other case law which holds such specificity in an indictment is not required. If defendants are arguing the latter, defendants' argument is not ripe because resolution of any issue involving an analysis of the government's evidence would necessarily depend on what the trial evidence will be. In the absence of a stipulation of the evidence or some sort of mini-trial, the facts necessary to rule on the question of whether defendants' conduct constitutes a violation of §46504 would be based upon pure speculation.

Turning next to the issue of whether the indictment, on its face, states an offense, in the opinion of the undersigned, it does state an offense. The Court first looks to the language of the indictment:

> [D]efendants, on an aircraft in the special aircraft jurisdiction of the United States, namely Southwest Airlines Flight 1522 departing San Diego, California, with a final destination of Chicago, Illinois, did knowingly interfere and attempt to interfere with the performance of the duties of a flight crew member and flight attendant(s) of the aircraft, and lessen the ability of the member and attendant(s) to perform those duties, by intimidating the flight attendant(s) and flight crew member, specifically, while the flight was in progress the defendants were disruptive, unruly, and disobedient.

The language at the end of the indictment, to wit:

> "...specifically, while the flight was in progress the defendants were disruptive, unruly, and disobedient."

could be classified as mere surplusage and if surplusage, such does not cause the indictment to be invalid. The indictment itself properly alleges an offense since it contains the essential elements of the charged offense, fairly informs the defendants what charge they would need to be prepared to meet, and enables the accused to plead acquittal or conviction in bar of future prosecutions for the same offense. *United States v. Gordon*, 780 F.2d 1165, 1169 (5th Cir. 1986). Further, the government cites *United States v. Caldwell*, 302 F.3d 399, 412 (5th Cir. 2002) which quotes

*United States v. Crippen*, 579 F.2d 340, 342 (5th Cir. 1978) for the proposition that, "[i]t is not necessary for an indictment to go further and to allege in detail the factual proof that will be relied upon to support the charges." For these reasons, defendants' arguments that the indictment fails to state an offense fail.

## VAGUE AND OVERBROAD

Defendants' contention that the indictment is vague and/or overbroad has been addressed in the part of this Report and Recommendation addressing the constitutionality of the statute and in the discussion immediately above. No further or separate discussion is necessary.

## FIRST AMENDMENT

Defendants also argue the indictment violates the First Amendment because the government is prosecuting the defendants based upon the content of their speech. It is first noted that the statute itself does not prohibit speech. Under the statute, an individual who intimidates a flight attendant and who causes interference with the attendant's performance of their duties would be guilty, even if no words whatsoever were spoken. The prohibited intimidation can be by deed, by word, or by both word and deed.

Defendants argue the words uttered by the defendants are either (1) not intimidating and or (2) are protected speech. Although not absolutely clear, defendants appear to argue the words spoken, whatever they may have been, were protected speech under the First Amendment. Defendants also appear to contend the statute requires the words be threatening citing to *United States v. Bellew*, 369 F.3d 450, 453 (5th Cir. 2004). This argument, however, is contingent upon a showing of what words were actually spoken. Without knowing what speech, if any, the

defendants uttered, the issue is not ripe for adjudication. Nonetheless, in *Hicks*, the Court was faced with a similar situation and determined the statute, "encompasses only a relatively narrow range of speech, which frequently will be a concomitant of intimidating conduct." *Id.* at 972. *Hicks* found, "only intimidating acts or words that actually interfere with a crew member's duties are penalized." *Id*.

Here, the defendants' actions, even if combined with the use of profanity and other harsh words, is what is alleged to have been intimidating. As a result of that intimidation, the flight crew was allegedly unable to successfully complete their duties. Those are the allegations and the burden is on the government to prove those allegations at trial. Until then, no definitive ruling can be made.

While the Court finds the motion to dismiss to be without merit, this is not to say there could never be constitutional issues in the prosecution of these type cases. If the government were to surrender its prosecutorial independence to the airlines and prosecute a defendant whenever a flight was diverted, even if the conduct of the passenger did not rise to the level of a § 46504 violation, then issues would be presented. Nothing, however, is before the Court to show that such happened in this case and nothing has been presented to show such has otherwise happened.

## DEFENDANT YOHANA

Defendant YOHANA also argues the indictment against him should be dismissed because it does not state an offense by him in that it does not allege an act of "intimidation" by him. The indictment, issued against all four defendants, charged that each defendant did, "knowingly interfere and attempt to interfere with the performance of the duties of a flight crew

member and flight attendant(s) of the aircraft, and lessen the ability of the member and attendant(s) to perform those duties, by <u>intimidating</u> the flight attendant(s) and flight crew member, specifically, while the flight was in progress the defendants were disruptive, unruly, and disobedient." (Emphasis added).

For the reasons previously set out, the indictment is sufficient. Defendant YOHANA was only entitled to be put on notice that he was charged with intimidation. He was not entitled to have the indictment set forth the elements with more specificity than it did.

## CONCLUSION

Only the issues of the constitutionality of the statute "on its face" and whether the indictment "on its face" charges an offense are ripe for adjudication. These claims are without merit and should be DENIED with prejudice. All remaining claims should be DENIED without prejudice.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motions to Dismiss the Indictment filed by defendants JONATHAN KHALID PETRAS, WISAM IMAD SHAKER, ESSA SOLAQA and KHALID YOHANA be DENIED with prejudice as to defendants' contention that the statute is unconstitutional on its face, and with prejudice as to all claims that he indictment fails to state an offense. All other claims relating to the defendants' conduct not constituting a criminal act or acts and all other claims contingent upon the trial evidence should be DENIED without prejudice.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this   29th   day of January 2016.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


* NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. This case is set for docket call on February 12, 2016. Consequently, the time in which to file objections is shortened. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is **on or before Friday, February 5, 2016**.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).